IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN HARRY TAIT, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-348 (MN) |
| | ) |
| NEW CASTLE COUNTY POLICE | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

John Harry Tait, II, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

June 20, 2019
Wilmington, Delaware

NOREIKA, U.S. District Judge:

I. **INTRODUCTION**

Plaintiff John Harry Tait, II ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

II. **BACKGROUND**

On March 25, 2017, Plaintiff was arrested for an alleged drug transaction. (D.I. 3 at 9). He alleges that during the arrest he was physically assaulted numerous times while being tased. (*Id*.). Plaintiff alleges he was struck on both sides of his face several times and kneed in the rib area. (*Id*.). Plaintiff alleges there is testimony "admitting to excessive force on behalf of the arresting officers." (*Id*.). Plaintiff was treated by medical staff at Christiana Hospital. (*Id*. at 10). He alleges that as a result of the March 25, 2017 occurrence his vision has been severely affected and he went through several weeks of physical pain. (*Id*. at 9). He seeks compensatory damages.

III. **LEGAL STANDARDS**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

3

**IV. DISCUSSION**

    **A. Respondeat Superior/Personal Involvement**

The Complaint alleges that excessive force occurred when Plaintiff was arrested on March 25, 2017. Excessive force claims arising out of an arrest are analyzed under the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386 (1989).

The Complaint names 18 individual defendants in the caption of the Complaint. Beyond their designation as Defendants, the Complaint does not mention any defendant in the statement of the claim. There are no allegations connecting or implicating any specific defendant. Liability in a 42 U.S.C. § 1983 action is personal in nature and, to be liable, a defendant must have been personally involved in the wrongful conduct. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988). Allegations of personal involvement must also be sufficient pled to suggest a plausible claim for relief. *See Iqbal*, *supra*, 556 U.S. 662, 678.

As pled, the Complaint fails to state claims upon which relief may be granted against the individual defendants. The claims will be dismissed as frivolous and for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1).

    **B. Municipal Liability**

The New Castle County Police Department ("NCCPD") is also named as a defendant. Generally, a municipality will not be held liable under the doctrine of respondeat superior for the misconduct of its employees. *See Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). Instead, a municipality can only be liable under 42 U.S.C. § 1983 when a constitutional injury results from the implementation or execution of an officially adopted policy or informally adopted custom. *See Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell v.*

*Department of Social Services of the City of New York*, 436 U.S. 658 (1978)). A successful *Monell* claim must establish: (1) an underlying constitutional violation; (2) a policy or custom attributable to the municipality; and (3) that the constitutional violation was caused by the municipality's policy or custom. *See Monell*, 436 U.S. at 658.

The Complaint contains absolutely no allegations against the NCCPD. Absent any allegation that a custom or policy established by the NCCPD directly caused harm to Plaintiff, his § 1983 claim cannot stand. The claim is frivolous and fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). Therefore, it will be dismissed.

### C. Amendment

As pled, the Complaint fails to state claims upon which relief may be granted. Therefore, it will be dismissed. However, since it appears plausible that Plaintiff may be able to articulate a claim against Defendants or name alternative defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

### V. CONCLUSION

For the above reasons, the Court will: (1) dismiss the Complaint as frivolous and for failure to state claims upon which relief may be granted pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1); and (2) give Plaintiff leave to file an amended complaint.

An appropriate Order will be entered.