IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOHN HARRY TAIT, II,                )
                                    )
        Plaintiff,            )
                                    )
        v.                    )  C.A. No. 19-348 (MN)
                                    )
NEW CASTLE COUNTY POLICE            )
DEPARTMENT, et al.,                 )
                                    )
        Defendants.           )

## **MEMORANDUM OPINION**

John Harry Tait, II, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

November 5, 2019
Wilmington, Delaware

*signature: Maryellen Noreika*

**NOREIKA, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff John Harry Tait, II ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court dismissed the original complaint and gave Plaintiff leave to amend. (D.I. 7, D.I. 8). The Court proceeds to review and screen the Amended Complaint matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a). (D.I. 9).

## II. BACKGROUND

On March 25, 2017, Plaintiff was arrested for an alleged drug transaction. (D.I. 9 at 5). He alleges that during the arrest, he was physically assaulted by Defendants New Castle County Detective Donald Fisher ("Fisher") and New Castle County police officer Feliciano ("Feliciano"). (*Id.*). Plaintiff alleges that he was tased by Defendant Officer Ryan. (*Id.* at 7). Finally, Plaintiff alleges Defendants Sergeant Herring ("Herring") and Detective Potter ("Potter") either observed or supervised the assault and then engaged in the assault. (*Id.* at 6). Plaintiff seeks compensatory and punitive damages.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C.

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

§ 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Respondeat Superior/Personal Involvement

In addition to the defendants mentioned in the "Background" section, the Amended Complaint lists Defendants Officer Middendorf, Detective Beinke, M/Cpl. Sigmund, Gustavo A. Zeissig, Detective Herrera-Cortes, Stephen W. Legenstein, Daniel E. Rogers, Matthew D. Botterbusch, Cpl. Mousley, Brent Snyder, Detective Cooper, Jason Wilson, M/Cpl. Jill Kotowski, and Cpl. Porter. Plaintiff describes the foregoing Defendants as supervisors and reporting officers of the entire situation. (D.I. 9 at 7). Beyond this description, the Amended Complaint does not mention any of the foregoing defendants in the statement of the claim.

Liability in a 42 U.S.C. § 1983 action is personal in nature and, to be liable, a defendant must have been personally involved in the wrongful conduct. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988). Allegations of personal involvement must also be sufficient pled to suggest a plausible claim for relief. *See Iqbal*, *supra*, 556 U.S. 662, 678.

To the extent Plaintiff has named the foregoing Defendants based upon their supervisory positions, there is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he [ ] neither participated in nor approved"; personal involvement in the alleged wrong is required. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk County v. Dodson*, 454 U.S. 312, 325, (1981) (liability in a § 1983 action must be based on personal involvement, not respondeat superior). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Here, there are no allegations of personal involvement, personal direction or actual knowledge and acquiescence of an alleged constitutional violation and thus, any claims against the foregoing Defendants fail. Therefore, the claims against Officer Middendorf, Detective Beinke, M/Cpl. Sigmund, Gustavo A. Zeissig, Detective Herrera-Cortes, Stephen W. Legenstein, Daniel E. Rogers, Matthew D. Botterbusch, Cpl. Mousley, Brent Snyder, Detective Cooper, Jason Wilson, M/Cpl. Jill Kotowski, and Cpl. Porter will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 1915A(b)(1).

### B. Municipal Liability

The New Castle County Police Department ("NCCPD") was dismissed in the original screening. Plaintiff has reinstated it as a defendant. NCCPD is again dismissed as a defendant for the reasons set forth in the Court's June 20, 2019 Memorandum Opinion. (*See* D.I. 7 ¶ IV.B.). NCCPD will be dismissed as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 1915A(b)(1).

### C. Excessive Force; Failure to Protect

Plaintiff has alleged what appear to be cognizable excessive force and failure to protect claims against Fisher, Feliciano, Herring, Potter, and Ryan. He will be allowed to proceed against these Defendants.

## V. CONCLUSION

For the above reasons, the Court will: (1) dismiss Defendants New Castle County Police Department, Officer Middendorf, Detective Beinke, M/Cpl. Sigmund, Gustavo A. Zeissig, Detective Herrera-Cortes, Stephen W. Legenstein, Daniel E. Rogers, Matthew D. Botterbusch, Cpl. Mousley, Brent Snyder, Detective Cooper, Jason Wilson, M/Cpl. Jill Kotowski, and Cpl. Porter and the claims against them as frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and

5

1915A(b)(1); and (2) allow Plaintiff to protect with excessive force and failure to protect claims against Detective Donald Fisher, Officer Feliciano, Allen G. Herring, Detective Potter, and Officer Ryan.

An appropriate Order will be entered.